UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA MENDOZA,

          Plaintiff,

v.

EQUIFAX, LLC,

          Defendant.

Case No.

# COMPLAINT

NOW COMES Plaintiff, ANGELA MENDOZA ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX, LLC ("EQUIFAX" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Custer County, in the City of Miles City, in the State of Montana.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a company conducting business in the State of Montana

and is headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is a corporation headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding a Maurice's Credit Card account that she had with Comenity, settled with Comenity, and paid to Comenity.

13. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

16. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Comenity, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of all Defendant to investigate and update their reporting of the account in question:

17. On or about October 3, 2022, Plaintiff and Comenity settled an account ending in 8778 (the "Account") for $948.68.

18. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $948.68 on October 5, 2022, which fully satisfied the settlement agreement and Account.

19. On May 2, 2023, Plaintiff received a copy of her credit report from Defendant.

20. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant reported the Account status as "OVER_120_DAYS_PAST_DUE" with a past-due, outstanding balance of $255.00. Additionally, Defendant failed to accurately report the payment history on the Account.

21. The Defendants' failure to report the Account correctly and failure to report the accurate status, accurate balance, and failure to report the payment Plaintiff made on the Account

harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On May 9, 2023, Plaintiff issued a dispute by mail to Defendant regarding the incorrect information being reported on the Account.

23. In her dispute letter, Plaintiff disputed the incorrect entry in her credit report that the Account still had an outstanding balance that was past due, that any balance was owed on the Account, and the unreported payment she had made on the Account. Plaintiff also included proof of the agreement between herself and Comenity and proof of the payments made in satisfaction of the agreement.

24. Upon information and belief, pursuant to their obligations under the FCRA, Defendant notified Comenity of Plaintiff's dispute within five days of receipt of the disputes.

25. Further, upon information and belief, Defendant would have sent the documentation Plaintiff included in her dispute letter to Comenity, including the terms of the settlement and proof of the payments.

26. Despite her very specific dispute and accompanying documents supporting her disputes, the second credit report from Defendant, received by Plaintiff on July 17, 2023, reiterated similar inaccuracies.

27. EQUIFAX continued to report the Account status as "CHARGE_OFF" with no change in the reported payment history.

28. At the time of filing this complaint, Defendant continues to report an inaccurate status of the Account and fails to report the accurate payment history.

29. Upon information and belief, Defendant continues to report this information because they failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letters.

4

30.     Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, CRA's are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

31.     If Defendant had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

32.     As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

33.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

34.     Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

35.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

37.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

38.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation,

emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

43. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

44. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47.  In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48.  Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a)  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b)  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c)  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d)  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 06/10/2025                                     Respectfully submitted,

                                                     */s/ Mark A. Carey*
                                                     Mark A. Carey
                                                     **Law Offices of Mark A. Carey, P.C.**
                                                     500 Roswell Rd., Ste Bldg C
                                                     Sandy Spring, GA 30342
                                                     P: (716) 853-9243
                                                     E: markcareylaw@ymail.com

                                                     Attorneys for Plaintiff,
                                                     **ANGELA MENDOZA**